IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: _____ |
| JASON RIVERA | : | VIOLATIONS: |
| | | 18 U.S.C. § 1201(c) (conspiracy to commit kidnapping – 1 count) |
| | : | 18 U.S.C. § 1201(a)(1) (kidnapping – 3 counts) |
| | : | 18 U.S.C. § 1952 (interstate travel in aid of racketeering – 1 count) |
| | : | 18 U.S.C. § 894 (conspiracy to collect an extension of credit by extortionate means – 1 count) |
| | : | 18 U.S.C. § 894 (collection of an extension of credit by extortionate means – 1 count) |
| | : | 21 U.S.C. § 846 (conspiracy to distribute marijuana – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) Notice of forfeiture |

## INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES THAT:

1. From on or about January 1, 2014, through on or about August 27, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JASON RIVERA**

conspired and agreed with others known and unknown to the grand jury, to knowingly, willfully, and unlawfully seize, confine, kidnap, abduct, carry away, and hold, Vu Huynh, deceased, Viet Huynh, deceased, and T.V., a person known to the grand jury, for ransom, reward, and otherwise, that is, for the purpose of forcing Vu Huynh, Viet Huynh, and T.V. to repay a drug trafficking debt, resulting in the deaths of Vu Huynh and Viet Huynh, and, in committing the

offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone, in violation of Title 18, United States Code, Section 1201(a)(1).

## MANNER AND MEANS

It was part of the conspiracy that:

2. Persons known to the grand jury sold marijuana to Vu Huynh, Viet Huynh, and T.V. on a consignment agreement, that is, those persons allowed Vu Huynh, Viet Huynh, and T.V. to purchase controlled substances on credit and to make payment at a later date.

3. When Vu Huynh, Viet Huynh, and T.V. did not make prompt payment in full, defendant JASON RIVERA and others agreed to kidnap Vu Huynh, Viet Huynh, and T.V., assault them, and force them to pay their drug debts. Defendant JASON RIVERA and others traveled from New York to Philadelphia to effectuate this agreement.

4. When the group from New York arrived in Philadelphia, defendant JASON RIVERA and others kidnapped, tied up, assaulted, and extorted Vu Huynh, Viet Huynh, and T.V. When Vu Huynh, Viet Huynh, and T.V. only paid a small percentage of the drug debt, members of the conspiracy loaded the still restrained Vu Huynh, Viet Huynh, and T.V. into the back of a van and drove them to the bank of the Schuylkill River in Philadelphia. Members of the conspiracy stabbed Vu Huynh, Viet Huynh, and T.V., weighed down the bodies of Vu Huynh and Viet Huynh, and threw them into the Schuylkill River, where Vu Huynh and Viet Huynh died as a result of the stab wounds and drowning. Members of the conspiracy attempted to kill T.V. in the same fashion. However, T.V. managed to escape his binds and crawled out of the river.

## OVERT ACTS

In furtherance of the conspiracy and to affect the object of the conspiracy, defendant JASON RIVERA and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. During the summer of 2014, a drug trafficker in New York contacted three drug trafficking associates in New York, including defendant JASON RIVERA, and formulated a plan to travel to Philadelphia to kidnap and extort Vu Huynh, Viet Huynh, and T.V., and force them to pay their substantial drug debts.

2. In or about August 2014, defendant JASON RIVERA and other members of the New York group traveled to Philadelphia and met with others to discuss the plot to kidnap Vu Huynh, Viet Huynh, and T.V. and force them to pay their substantial drug debts.

3. On or about August 26, 2014, one of the co-conspirators contacted Vu Huynh, Viet Huynh, and T.V. and invited each of them over to his house, where defendant JASON RIVERA and others laid in wait to kidnap and assault them. Vu Huynh, Viet Huynh, and T.V. each arrived separately at the house between approximately 6:00 p.m. and midnight. After each arrived, defendant JASON RIVERA and other co-conspirators assaulted Vu Huynh, Viet Huynh, and T.V., restrained them with duct tape, and demanded that they pay their substantial drug debts.

On or about August 27, 2014:

4. Defendant JASON RIVERA and others transported Vu Huynh, Viet Huynh, and T.V. and the victims' vehicles to the Schuylkill River.

5. Defendant JASON RIVERA and others disposed of the victims' vehicles.

All in violation of Title 18, United States Code, Section 1201(c).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 26, 2014 to on or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASON RIVERA**

knowingly, willfully, and unlawfully seized, confined, kidnapped, abducted, carried away, and held, and aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of, Vu Huynh, deceased, for ransom, reward, and otherwise, that is, for the purpose of forcing Vu Huynh to repay a drug trafficking debt, resulting in the death of Vu Huynh, and, in committing the offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 26, 2014 to on or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASON RIVERA**

knowingly, willfully, and unlawfully seized, confined, kidnapped, abducted, carried away, and held, and aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of, Viet Huynh, deceased, for ransom, reward, and otherwise, that is, for the purpose of forcing Viet Huynh to repay a drug trafficking debt, resulting in the death of Viet Huynh, and, in committing the offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 26, 2014, to on or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASON RIVERA**

knowingly, willfully, and unlawfully seized, confined, kidnapped, abducted, carried away, and held, and aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of, T.V., a person known to the grand jury, for ransom, reward, and otherwise, that is, for the purpose of forcing T.V. to repay a drug trafficking debt, and, in committing the offense, traveled in interstate commerce from New York to Philadelphia and used a means, facility, and instrumentality of interstate commerce, that is, a mobile phone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 2 through 4, and Overt Acts 1 through 5 of Count One are incorporated here.

    2.    On or about August 26, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASON RIVERA,**

and others known to the grand jury, used a facility in interstate commerce, that is, a mobile phone, and traveled in interstate commerce, from New York to Philadelphia, with the intent to commit a crime of violence to further an unlawful activity, that is, kidnapping, in violation of Title 18, United States Code, Section 1201, and collection of extension of credit by extortionate means, in violation of Title 18, United States Code, Section 894, and thereafter performed and attempted to perform those crimes of violence to further unlawful activity, that is, any business enterprise involving controlled substances. The crime of violence resulted in the deaths of Vu Huynh and Viet Huynh.

    In violation of Title 18, United States Code, Section 1952.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between on or about January 1, 2014, and on or about August 27, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JASON RIVERA**

conspired and agreed with others known and unknown to the grand jury to knowingly use extortionate means to collect and attempt to collect extensions of credit.

### MANNER AND MEANS

It was part of the conspiracy that:

2. Drug dealers from New York and California extended credit to Vu Huynh, Viet Huynh, and T.V., a person known to the grand jury, to purchase large amounts of controlled substances.

3. When Vu Huynh, Viet Huynh, and T.V. did not make prompt payment for the controlled substances, defendant JASON RIVERA and others attempted to collect the debt owed by kidnapping Vu Huynh, Viet Huynh, and T.V., assaulting them, and forcing them to pay their drug debts.

All in violation of Title 18, United States Code, Section 894.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

From on or about August 26, 2014 to on or about August 27, 2014, in the Eastern District of Pennsylvania, defendant

**JASON RIVERA**

knowingly used extortionate means to collect and attempt to collect an extension of credit from Vu Huynh, Viet Huynh, a T.V., a person known to the grand jury.

In violation of Title 18, United States Code, Section 894.

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 2 through 4, and Overt Acts 1 through 5 of Count One are incorporated here.

2. From on or about January 1, 2012, through on or about December 31, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JASON RIVERA

conspired and agreed with others known and unknown to the grand jury to knowingly and intentionally distribute 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

### MANNER AND MEANS

It was part of the conspiracy that:

2. Defendant JASON RIVERA and others obtained and resold large quantities of marijuana from various suppliers, including certain drug traffickers in New York and California.

3. Defendant JASON RIVERA arranged for the marijuana to be transported from California to the east coast for redistribution to other drug dealers.

4. Persons known to the grand jury sold the marijuana to Vu Huynh, Viet Huynh, and T.V., a person known to the grand jury, and others, on a consignment agreement, that is, those persons extended credit to the other drug dealers who made payment for the marijuana at a later date after delivery.

11

5. When Vu Huynh, Viet Huynh, and T.V. did not make prompt payment for the controlled substances, defendant JASON RIVERA and others attempted to collect the debt owed by kidnapping Vu Huynh, Viet Huynh, and T.V., assaulting them, and forcing them to pay their drug debts.

All in violation of Title 21, United States Code, Section 846.

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

    1.    As a result of the violation of Title 21, United States Code, Section 846, set forth in this information, defendant

### JASON RIVERA

shall forfeit to the United States of America:

    (a)    any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

    (b)    any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violation.

    2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_Jenfa Wells_
for **WILLIAM M. MCSWAIN**
**United States Attorney**